IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| James Glenn Harrison, ) | |
| ) | C/A No. 3:03-1398-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **AMENDED** |
| ) | **O P I N I O N and O R D E R** |
| Anthony J. Principi, Secretary ) | |
| of Veterans Affairs, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff James Glenn Harrison is a former employee of the Department of Veterans Affairs. He filed a complaint on April 21, 2003 alleging that Defendant violated his rights under 42 U.S.C. §§ 2000 *et seq.* (Title VII of the Civil Rights Act of 1964, as amended) and 29 U.S.C. §§ 203 (e)(2) and 206 (d) (the Equal Pay Act of 1963). Specifically, Plaintiff contends that he was paid less than female employees at the Department of Veterans Affairs serving in his identical vocational capacity. Plaintiff also claims that his immediate supervisors retaliated against him for pursuing legal remedies to address the alleged discriminatory wage differences.

This matter is before the court on Defendant's motion for summary judgment filed on September 15, 2004. On February 22, 2005, Plaintiff filed a response in opposition to Defendant's motion for summary judgment. On July 1 2005, Defendant filed a reply memorandum. Plaintiff filed an additional response and memorandum in opposition to Defendant's motion for summary judgment on August 17, 2005.

In accordance with 28 U.S.C. § 636(b)(1)(b) and Local Civil Rule 73.02(B)(2)(d), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge filed a Report and Recommendation on August 31, 2005 in which he

recommended that summary judgment be denied. Defendant filed Objections to the Report and Recommendation ("Objections") on September 21, 2005.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. FACTS

The facts are thoroughly presented in the Magistrate Judge's Report and Recommendation. In short, Plaintiff was employed as a Vocational Rehabilitation and Counseling ("VR&C") Officer at the Department of Veterans Affairs ("VA") in Columbia, South Carolina for over thirty-one years. Plaintiff contends that, beginning in 1996, he was compensated at a lower pay grade than female employees serving in his same position at various VA offices nationwide. Complaint, 2. In January of 1998, Plaintiff asked VA administrators in Columbia to reclassify his pay grade to the same level as the female VR&C Officers but initially heard nothing in reply. Id. During the time Plaintiff's request was pending, a female VR&C Officer in Atlanta also asked for, and received, a pay raise. Id. at 3.

Having heard nothing regarding his request, on October 26, 1998 Plaintiff sent an email request for a desk audit to VA officials in Washington, D.C. Plaintiff orally informed his immediate supervisor in Columbia of his request for review. Complaint, 3. Plaintiff claims his immediate supervisor in Columbia "responded negatively and asked why [the supervisor] had not been made a part of the process." Id. Plaintiff avers that, after learning of the request for a higher wage, his supervisor informed him "[that he] was not going to do anything about Plaintiff's requests," questioned Plaintiff's performance, and refused to grant Plaintiff an "incentive award" for 1999. Id. at 4. Plaintiff later requested back pay retroactive to the dates that his female counterparts in other VA offices received wage increases. Id. at 5.

Plaintiff ultimately received a pay raise on June 4, 2000 without the requested back payments. Plaintiff contends that his efforts to secure back payments resulted in further "mistreatment by his supervisors" including admonishments and "unrealistic" demands for Plaintiff's workplace productivity. Complaint, at 5-6. Plaintiff complained to an Equal Employment Opportunity ("EEO") counselor about unequal pay and retaliation in September of 2000. Id. at 6. He filed a formal complaint in November, 2000 claiming gender and age discrimination. Report and Recommendation, 7.

Plaintiff argues that he was "under such severe stress at work" that his health was affected. Complaint, 6. Plaintiff took a leave of absence from work under the advice of his physician. Id. Plaintiff's doctor requested of Plaintiff's supervisor that Plaintiff be allowed to reduce his workload. Id. Plaintiff thereafter returned to work part time. Id. Ultimately, Plaintiff's supervisor demanded he return to work "full time" despite allegedly receiving notification from Plaintiff's doctor that full-time hours might jeopardize Plaintiff's health. Id. at 6-7. Because Plaintiff's supervisor demanded

he return to work despite his health concerns, Plaintiff contends he was forced to retire from the VA. Plaintiff retired from the VA on February 28, 2001. Id. at 7.

## II. DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered when a moving party has shown "[that] the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). Summary judgment should be granted in those cases where it is perfectly clear that there remains no genuine dispute as to material fact and inquiry into the facts is unnecessary to clarify the application of the law. McKinney v. Bd. of Trustees of Mayland Community College, 955 F.2d 924, 928 (4th Cir. 1992). In deciding a motion for summary judgment, "the judge's function is not [herself] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.

The Magistrate Judge recommended a finding that a genuine question of material fact existed as to whether Plaintiff had established a prima facie case of gender discrimination under the Equal Pay Act and Title VII. Report and Recommendation, 11-12, 14. In the absence of objections, this court is not required to give any explanation for adopting the recommendation. Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Defendant failed to raise objection to these findings. The court

4

has reviewed the record and the arguments of counsel and adopts the Magistrate Judge's recommendation that a question of fact exists regarding Plaintiff's prima facie case of gender discrimination.

In a response to Plaintiff's memorandum in opposition to summary judgment, Defendant raised the affirmative defense that any discrepancies in pay grade between Plaintiff and similarly situated female employees can be explained with a legitimate, non-discriminatory reason. Defendant's Reply Memorandum, 7. Specifically, Defendant argued that all VA positions were graded pursuant to a "bona fide merit system." Id. The Magistrate Judge disagreed and found that "no further details" were provided by Defendant to "make a meaningful determination concerning this defense." Report and Recommendation, 12, 14.

Defendant argues in his objections that the Magistrate Judge erred in finding that Defendant failed to establish this affirmative defense of a "bona fide merit system." Objections, 1. To support his contention, Defendant articulates that "[5 U.S.C. § 2301(b)] sets out the requirements for the merit system utilized by executive agencies, including the Department of Veteran's Affairs," and quotes the statute's provision detailing this merit-based system. Id.

Under the Equal Pay Act, once a plaintiff has established a prima facie case of sex-based salary discrimination, "the burden shifts to the defendant *to prove* that the difference in salary is justified by one or more of the four statutory exemptions . . . [including] a merit system." Equal Employment Opportunity Commission v. Aetna Insurance Co., 616 F.2d 719, 724 (4th Cir. 1980) (citing 29 U.S.C. 206(d)(1)) (emphasis added). The mere existence of a merit system is insufficient to establish a defense under the Equal Pay Act absent proof that the merit system was fairly applied and actually justified the disparate pay scales. See Strag v. Board of Trustees, 55 F.3d 943, 951 (4th

Cir. 1995) (recognizing the importance of evidence applying existing merit system to plaintiff's specific case); Keziah v. W.M. Brown & Son, Inc., 888 F.2d 322, 325 (4th Cir. 1989) (applying facts from the record to a separate affirmative defense under the Equal Pay Act).

Defendant has failed to apply to the instant facts the "bona fide merit system" allegedly applicable to the VA through 5 U.S.C. § 2301(b). Defendant's objection merely notes that such a system exists. Defendant fails to demonstrate that the difference in salary between Plaintiff and female VR&C Officers was justified by this merit system as required to defend a claim under 29 U.S.C. § 206(d)(1). Defendant's objection is without merit.

Defendant's second objection reiterates the unsupported contention that the VA has a "bona fide merit system" justifying Plaintiff's lower pay rate. Objections, 2. Defendant fails to establish if and how this merit system applies to the case *sub judice* and thus similarly fails to articulate a legitimate error in the Magistrate Judge's Report and Recommendation. Defendant's second objection is without merit.

### III. CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. For the reasons stated therein and in this order, Defendant's motion for summary judgment is **denied**.

**IT IS SO ORDERED.**

                                                          /s/ Margaret B. Seymour
                                                          Margaret B. Seymour
                                                          United States District Judge

Columbia, South Carolina
June 2, 2006

nunc pro tunc date: September 27, 2005